## Case No. 6,973.

### HYDE v. PHOENIX INS. CO.

[2 Dill. 525.] [1]

Circuit Court, D. Iowa. 1873.

REMOVAL OF SUITS FROM STATE COURT—PRACTICE
—FILING TRANSCRIPT.

1. Where the defendant removed a cause to this court from the state court under section 12 of the judiciary act [1 Stat. 79], but failed to have the transcript of the record of the pleadings and proceedings filed herein on the first day of the term, leave was given to the plaintiff to have the same filed and the case docketed.

[Cited in Jackson v. Mutual Ins. Co., Case No. 7,141; Woolridge v. McKenna, 8 Fed. 667.]

2. The practice of the court in cases thus removed, stated.

This suit was commenced in one of the courts of the state, and, on entering its appearance therein, the defendant made application for its removal, under section 12 of the judiciary act, to this court; and an order for the removal was accordingly made. The present is the next term of this court after the removal. The clerk of the state court has sent to the clerk of this court a certified copy of the papers and proceedings in the state court, but the same was not accompanied with any instructions or fee, and there has been no appearance here as yet by the defendant. The plaintiff now asks leave to file the transcript thus transmitted of the pleadings and proceedings in the state court, and if granted to move thereon, either to remand the cause or to default the defendant if no appearance shall be entered, or answer filed.

Gatch & Wright, for the motion.

No appearance for the insurance company.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. The court perceives no objection, under the circumstances, to granting leave to the plaintiff to file the transcript from the state court and to have the suit docketed. The plaintiff may, thereupon, move either to have the cause remanded to the state court or elect to treat it as pending in this court. In the latter event, as the issues were not made up before the removal, the case, under the practice (should there be an answer filed to the merits), is not triable at this term unless by consent; but the issues must be settled during the term, and if the company shall not appear and answer when required, it may be defaulted.

The motion to file the transcript is sustained. Motion sustained.

Practice in cases removed from the state court. McBratney v. Usher [Case No. 8,661]; Rule, 1 Dill. 594.